Patrick M. Flatley
United States Bankruptcy Judge

Signed: Wednesday, May 21, 2014 11:27:26 AM

IN THE UNITED STATES BANKRUPTCY
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL L. PYBURN and | ) | Case No. 11-1137 |
| DONNA P. PYBURN, | ) | |
| | ) | |
| Debtors. | ) | Chapter 13 |
| | ) | |

## MEMORANDUM OPINION

Nationstar Mortgage, LLC ("Nationstar") seeks clarification of the court's October 28, 2011 order granting it stay relief against real property located at 245 Stephen Lane, Charles Town, West Virginia (the "Property"), specifically it seeks a determination whether the order gives it the right to reform the Deed of Trust, signed by Michael Pyburn, but not by his joint-debtor spouse Donna Pyburn. Alternatively, Nationstar seeks modification of the order granting stay relief to allow it to proceed with its state court action in the Circuit Court of Jefferson County, West Virginia ("State court") to reform the Deed of Trust. The Debtors object because they allege that an attempt to place Donna Pyburn's name on the Deed of Trust will implicate her on the underlying Note that secures the Property.

For the reasons states herein, the court will deny the motion.

## I. BACKGROUND

The Debtors filed their Chapter 13 petition on June 6, 2011. On the Schedule A filed wih their petition, the Debtors list their interest in the Property as tenants in common and value their interest in the Property in equal shares totaling $136,710.00. Schedule D indicates that Nationstar holds a $290,209.00 claim against Michael Pyburn secured by his interest in the Property. In their amended proposed Chapter 13 plan filed July 1, 2011, the Debtors do not propose to pay the debt owed to Nationstar. On September 1, 2011, Nationstar objected to the amended proposed Chapter 13 plan on the basis that it provided no treatment for its claim and filed a Motion to Lift the Automatic stay on October 12, 2011, to which the Debtors did not

object. The court entered the order lifting the stay on October 28, 2011, which terminated the bankruptcy estate's interest in the Property as well as "the Debtor interest." Doc. No. 54. Nationstar later withdrew its objection to the amended proposed Chapter 13 Plan, which it asserts was mooted by the court's October 28, 2011 Order. The confirmed Chapter 13 plan, dated February 9, 2012, provides that "the Debtors have surrendered or will surrender the . . . [Property] securing the liens of . . . [Nationstar]." *See* Doc. No. 68. On September 23, 2013, Nationstar filed a civil action against Donna Pyburn in State court to reform the Deed of Trust to include Donna Pyburn's name in order to correct an alleged "mutual mistake." The Debtors filed a notice of bankruptcy in the State court action, which stayed that litigation. On December 6, 2013, Nationstar filed its extant motion to determine its rights regarding the court's October 28, 2011 Order.

## II. DISCUSSION

In its motion, Nationstar argues that it should be allowed to litigate its State court complaint to reform the Deed of Trust to include Donna Pyburn's name because the State court action is an *in rem* proceeding, which does not violate the automatic stay. It further maintains that the Debtors have not complied with the provisions of the confirmation order requiring that they surrender the Property. Nationstar asserts that it is necessary to reform the Deed of Trust in order to proceed with foreclosure. In the alternative, Nationstar seeks a modification of the court's October 28, 2011 Order to allow it to proceed with its action to reform the Deed of Trust.

The Debtors do not dispute that the Property is no longer property of the bankruptcy estate but object to Nationstar's motion on the grounds that adding Donna Pyburn to the Deed of Trust implicates her personal liability on the underlying Note. They assert that the pending State court action violates the automatic stay because the court's order only terminated the automatic stay as to Michael Pyburn's interest in the Property and the bankruptcy estate's interest in the Property. Moreover, the Debtors contend that Nationstar has not sufficiently shown cause to modify the existing stay relief order.

Although the parties agree that the court previously granted stay relief as to the Property, they disagree whether Nationstar may proceed with State court litigation to add Donna Pyburn's name to the Deed of Trust. Although the automatic stay prohibits actions to collect a prepetition

personal debt against a Chapter 13 debtor (*in personam*), it does not prohibit actions against real property (*in rem*) after the property is abandoned as an asset of the estate. 11 U.S.C. § 362(c)(1). Moreover, an action to reform a deed of trust against real property is not an attempt "to collect a debt from the Debtors . . . no monetary relief or deficiency judgment is being sought against the Debtors." *Wiles v. Wise* (*In re Wiles*), Case No. 02-21206, Adv. No 10-123, 2011 Bankr. LEXIS 139 at *9 (Bankr. N.D.W. Va. January 19, 2011) (holding that a reformation of a deed of trust to enforce a purported lien interest in real property is an *in rem* action). The effect of adding a name to the deed of trust "would not make her personally liable on the Note, but would cause the deed of trust to convey the intended grant of the property as security." *In re Wilkinson*, 186 B.R. 186, 190 (Bankr. D. Md. 1995) (holding that a deed of trust may be reformed to reflect the parties' intent when the alleged error is based upon mutual mistake).

Here, the court is satisfied that Nationstar's action to reform the Deed of Trust is an *in rem* action. Should Nationstar succeed on its claim, it may only foreclose on the property to satisfy its claim as provided for in the Debtor's confirmed Chapter 13 Plan. Because Donna Pyburn is not obligated on the underlying Note, Nationstar may not attempt to collect from her personally any sums owed under the Note. Moreover, during the January 4, 2014 telephonic hearing conducted by the court regarding its motion, Nationstar asserted that it does not wish to impose personal liability or obtain a judgment against Donna Pyburn. Rather, it seeks to add her name to the Deed of Trust for the limited purpose of clearing title to the Property to accomplish foreclosure.

Additionally, the Debtors' confirmed Chapter 13 Plan provides that the Debtors will surrender their interest in the Property to Nationstar. Section 1325(a)(5)(C) permits a Chapter 13 debtor to surrender the property that secures a claim to the secured lienholder. Although not defined in the Bankruptcy Code, the term "surrender" was contemplated by Congress to be the relinquishing of possession or control to the holder of the secured claim. *See In re Robertson*, 72 B.R. 2, 3-4 (Bankr. D. Colo. 1985) (distinguishing between 'surrender' and 'abandonment' of property in a Chapter 13 plan). A confirmed Chapter 13 plan has a *res judicata* effect, and the terms of the plan govern the disposition of the property. Here, the Debtors' confirmed Chapter 13 Plan provides that the "Debtors have surrendered or will surrender the collateral securing the

liens . . . [of Nationstar]." Doc. No. 68. The Debtors' confirmed Chapter 13 Plan indicates that both Debtors will surrender their interest in the Property and are bound to honor the Plan, which includes affirmative steps to relinquish title and control of the property under non-bankruptcy law.

Based on the foregoing, and to the extent Nationstar seeks clarification of the parties' relative rights in this case, the court finds that Nationstar's action in State court to reform the deed of trust that is at issue here does not violate the automatic stay, to the extent one still exists, because the action is an *in rem* proceeding against the Property in which the bankruptcy estate abandoned its interest by virtue of the October 28, 2011 order lifting the automatic stay. Additionally, Nationstar stated on the record in this case that it does not wish to collect the underlying debt from either of the Debtors but only wants to foreclose on the Property. Moreover, both of the Debtors surrendered their respective interests in the Property, whatever they may have been, by virtue of their confirmed Chapter 13 plan; even if Mrs. Pyburn did not pledge her interest in the property to secure the Note at issue, she voluntarily gave up any interest she may have had in the Property.

## IV. CONCLUSION

For the above-stated reasons, the court will enter a separate order granting in part, and denying in part, Nationstar's Motion to Clarify.